# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## NORTHEASTERN DIVISION AT GREENEVILLE

_____

| | |
|---|---|
| DANIEL G. HINKLE, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. _____ |
| | )  JURY DEMANDED |
| | ) |
| THE CITY OF KINGSPORT, TENNESSEE; | ) |
| SULLIVAN COUNTY, TENNESSEE; | ) |
| OFFICER ROBERT MILLS, Individually; and | ) |
| DEPUTY NATHAN LANE, Individually. | ) |
| | ) |
| Defendants. | ) |

---

## COMPLAINT

---

Plaintiff Daniel G. Hinkle, through counsel, and for cause of action against these Defendants, respectfully states as follows:

## INTRODUCTION

This Complaint is a civil rights, personal injury, and common law tort action arising from the acts, omissions, policies, practices, and culture of the City of Kingsport, Tennessee; Sullivan County, Tennessee; Kingsport Police Officer Robert Mills ("Officer Mills"); and Sullivan County Deputy Nathan Lane ("Deputy Lane") regarding the unlawful seizure, arrest and post-arrest treatment of Daniel G. Hinkle on June 6, 2023.

Mr. Hinkle's claims under 42 U.S.C. § 1983 arise from the Defendants' violation of Mr. Hinkle's established rights, guaranteed to him under the United States Constitution,

including unlawful seizure and excessive force. In the alternative, Mr. Hinkle's claims under the Tennessee Government Liability Act § 29-20-205 arise from the negligent conduct of the Defendants, which caused severe and significant harm to him.

## I.     PARTIES

1.     Plaintiff Daniel G. Hinkle is an adult citizen of the United States and the State of Tennessee. Mr. Hinkle resides at 7027 West Carter's Valley Road, Church Hill, Tennessee 37642.

2.     The Plaintiff sues the Defendants for all damages recoverable under state and federal law.

3.     Defendant City of Kingsport, Tennessee, is a governmental entity created under the laws of the State of Tennessee. Among its other functions, the Defendant operates and maintains a law enforcement agency, the Kingsport Police Department ("K.P.D."). Defendant City of Kingsport establishes and enforces rules, regulations, policies, practices, procedures, and customs for K.P.D. Defendant City of Kingsport is not immune to violating any person's civil rights. Defendant City of Kingsport is liable for its conduct and the acts and omissions of its elected officials, employees, agents, and contractors, including the Defendant Officer Robert Mills. Defendant City of Kingsport was, at all times material to this suit, under a duty to operate its policing activities lawfully to preserve the peace of the City of Kingsport and to preserve its citizens' rights, privileges, and immunities guaranteed and secured to them by the Constitution and the laws of the United States.  Further, Defendants are not immune from liability for negligent acts pursuant to Tennessee's Government Liability Act.

4. Defendant Sullivan County, Tennessee, is a governmental entity created under the laws of the State of Tennessee. Among its other functions, the Defendant operates and maintains a law enforcement agency, the Sullivan County Sheriff's Office ("S.C.S.O."). Defendant Sullivan County is responsible for establishing and enforcing rules, regulations, policies, practices, procedures, and customs for S.C.S.O. Defendant Sullivan County does not have immunity for violating any person's civil rights. Defendant Sullivan County is liable for its conduct and the acts and omissions of its elected officials, employees, agents, and contractors, including Defendant Deputy Nathan Lane. Defendant Sullivan County was, at all times material to this suit, under a duty to operate its policing activities lawfully to preserve the peace of Sullivan County and to preserve its citizens' rights, privileges, and immunities guaranteed and secured to them by the Constitution and the laws of the United States. Further, Defendants are not immune from liability for negligent acts pursuant to Tennessee's Government Liability Act.

5. Defendant Officer Mills is a member and agent of the Kingsport Police Department and was at all times relevant to this suit.

6. Deputy Lane is a member and agent of the Sullivan County Sheriff's Department and was at all times relevant to this suit.

## II. JURISDICTION AND VENUE

7. This cause of action arises from a series of events, all occurring in Sullivan County, Tennessee.

8. Venue lies with this Court pursuant to 28 U.S.C.§ 1391, as all the acts or omissions which give rise to this cause of action occurred within this district, and based on information and belief, all of the Defendants are residents of and conduct business in

3

this district. Jurisdiction lies with this Court pursuant to federal question jurisdiction, 28 U.S.C.§§ 1331 and 1343, based on the claims brought under 42 U.S.C.§ 1983 and the Fourth Amendment of the Constitution of the United States of America.

9.  This Court may exercise supplemental jurisdiction of Tennessee's Government Tort Liability Act claims pursuant to 28 U.S.C.§ 1367 because the state claims are so related to the federal claims that they form part of the same case or controversy.

10.  Every act of Defendants was performed under the color of state law and by virtue of the constitutions, statutes, ordinances, regulations, policies, customs, and usages of the United States of America, the State of Tennessee, the Sullivan County, and the City of Kingsport, and under the authority of their positions as law enforcement officers for either the City of Kingsport or Sullivan County.

11.  All the wrongs complained of herein occurred within this jurisdiction and the applicable statute of limitations governing this action, and this Court has jurisdiction.

## III.    FACTUAL BACKGROUND

12.  On June 6, 2023, around midnight, Mr. Hinkle left his residence on his bicycle to buy a pack of cigarettes at a gas station.

13.  Mr. Hinkle was riding north on Lynn Garden Drive when Deputy Lane drove up next to him and asked if Mr. Hinkle was Casey Gibson.

14.  Mr. Hinkle knows who Casey Gibson is and what he looks like.

15.  Mr. Hinkle looks nothing like Casey Gibson, so he did not respond and continued his trip to the store.

16. Deputy Lane had a computer in his patrol vehicle and could have easily retrieved an image of Casey Gibson because Mr. Gibson had been arrested in Sullivan County before June 6, 2023.

17. Despite the ability to verify that Mr. Hinkle was not Casey Gibson, Deputy Lane continued to follow Mr. Hinkle in his vehicle.

18. Mr. Hinkle yelled out to Deputy Lane and requested that Deputy Lane leave him alone, as he did not do anything wrong.

19. Deputy Lane continued to follow and harass Mr. Hinkle.

20. Deputy Lane unlawfully ordered Mr. Hinkle to stop.

21. Mr. Hinkle did not stop and continued to ride away from Deputy Lane.

22. A second patrol vehicle, later known to Mr. Hinkle as K.P.D.'s Officer Robert Mills, joined Deputy Lane in attempting to stop and arrest Mr. Hinkle unlawfully.

23. Mr. Hinkle maneuvered his bike across traffic to avoid being hit by officers.

24. During this maneuver, the chain on Mr. Hinkle's bike fell off.

25. Mr. Hinkle attempted to get to the sidewalk where he believed he would be safer.

26. Before he could get to the sidewalk, Officer Mills sped past Mr. Hinkle and made an abrupt U-turn in front of Mr. Hinkle.

27. Officer Mills' U-turn was reckless and caused Mr. Hinkle to crash into the side of his S.U.V. because Mr. Hinkle had no opportunity to avoid Officer Mills' S.U.V.

28. As a result of the collision, Mr. Hinkle was thrown from his bike and flew several feet to the concrete.

5

29.     As a result of Officer Mills' unlawful actions, Mr. Hinkle sustained numerous injuries, including a displaced lateral left clavicular fracture, a scalp laceration, an eyebrow laceration, a spine fracture, a wrist fracture, and moderate to severe head trauma.

30.     Following the collision, Mr. Hinkle entered a state of severe pain, shock, and trauma.

31.     Mr. Hinkle requested hospital assistance.

32.     Mr. Hinkle advised Officer Mills and Deputy Lane that he is not Casey Gibson, and his name is Daniel Hinkle.

33.     Despite his obvious pain and injuries, Officer Mills and Deputy handcuffed Mr. Hinkle and dragged him into the S.U.V.

34.     Mr. Hinkle was transported to Holston Valley Medical Center by E.M.S. for his injuries.

35.     Mr. Hinkle was handcuffed to the gurney in the hospital room.

36.     While handcuffed, Mr. Hinkle was humiliated as the doctors cut all his clothes away and left him naked and exposed in front of at least one officer.

37.     Mr. Hinkle could not cover himself, and no clothes or blankets were provided.

38.     As Mr. Hinkle lay naked, the officer and doctor joked about his condition.

39.     Mr. Hinkle's wounds were cleaned and sanitized, and he received two staples on his head.

40.     Mr. Hinkle was hurt both physically and mentally from being hit.

41. Mr. Hinkle was charged with evading arrest in Sullivan County (Case No. 23RK79708) as a result of this incident.

42. On September 5, 2023, Sullivan County Case No. 23RK79708, State of Tennessee v. Daniel G. Hinkle, was dismissed without terms.

43. K.P.D. officers did not have a policy or provide sufficient training to investigate, research, or identify suspects.

44. S.C.S.O. deputies did not have a policy or provide sufficient training to investigate, research, or identify suspects.

45. S.C.S.O. deputies did not have a policy or provide sufficient training to avoid the use of excessive force during arrests.

46. K.P.D. officers did not have a policy or provide training to avoid the use of excessive force during arrests.

47. S.C.S.O. officers did not have a policy or provide training to properly operate their vehicles concerning civilians or those that they are trying to apprehend.

48. K.P.D. officers did not have a policy or provide training to properly operate their vehicles concerning civilians or those they were trying to apprehend.

49. S.C.S.O. failed to train, supervise, or control its officers in initiating, continuing, and terminating suspect pursuits before the accident at issue in this case.

50. K.P.D. failed to train, supervise, or control its officers in initiating, continuing, and terminating suspect pursuits before the accident at issue in this case.

51. Deputy Lane failed to properly research, run background checks, correctly identify suspects, and carry out arrests without violating the rights of citizens to such a degree that he recklessly disregarded Mr. Hinkle's constitutional rights.

52. Mr. Hinkle suffered and continues to suffer from mental and emotional injuries caused by the unlawful arrest and excessive force applied by Deputy Lane and Officer Mills.

53. The fact that Casey Gibson is a male that Deputy Lane knows has aggravated assault charges did not warrant the force used to pursue and arrest Mr. Hinkle.

54. Even assuming Deputy Lane and Officer Mills had sufficient cause to detain or arrest an individual does not support actions taken by law enforcement officers when the individual while that person is lawfully riding a bike.

55. The facts and circumstances at issue in this case did not require officers to pursue him, harass him, and intentionally drive an S.U.V. onto the sidewalk, causing injury to Mr. Hinkle.

56. The facts and circumstances at issue in this case did not require the pursuit of Mr. Hinkle, and the pursuit should have been terminated before Mr. Hinkle was injured.

57. It was not objectively reasonable for the officers to harass and treat Mr. Hinkle in the manner they did while he was in obvious pain.

58. As a result of the incident, Mr. Hinkle continues to experience significant physical pain.

## IV.   CAUSES OF ACTION AGAINST DEFENDANTS UNDER 42 U.S.C.A. § 1983

### A.   MR. HINKLE WAS UNLAWFUL SEIZED IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

59. Plaintiff, Mr. Hinkle, hereby incorporates, in its entirety, each and every paragraph contained in this Complaint by reference as if fully set forth herein.

60. Deputy Lane and Officer Mills unlawfully seized Mr. Hinkle.

61. Deputy Lane and Officer Mills failed to perform any investigation that would justify Mr. Hinkle's unlawful seizure or arrest.

62. Deputy Lane and Officer Mills acted recklessly when they misidentified Mr. Hinkle as the person they were attempting to seize or arrest, Casey Gibson.

63. No evidence or objective fact was known to either Deputy Lane or Officer Mills to warrant a law enforcement officer to believe that Plaintiff Daniel Hinkle had committed any criminal offenses, nor was there reasonable suspicion or probable cause to initiate his unlawful seizure.

64. Deputy Lane and Officer Mills failed to effect the seizure of Mr. Hinkle without violating his rights to such a degree that they recklessly disregarded Mr. Hinkle's constitutional rights.

65. As a result of his unlawful seizure by Deputy Lane and Officer Mills, Mr. Hinkle suffered a violation of his established rights under the Fourth Amendment to the United States Constitution and Article I, § 7 of the Tennessee Constitution.

66. As a result of his unlawful seizure by Deputy Lane and Officer Mills, Mr. Hinkle suffered and continues to suffer from pain and injuries.

67. As a result of his unlawful seizure by Deputy Lane and Officer Mills, Mr. Hinkle incurred the cost of medical care and continues to require medical care.

68. As a result of his unlawful seizure by Deputy Lane and Officer Mills, Mr. Hinkle suffered and continues to suffer from emotional and mental harm incurred during and after his unlawful seizure, including fear, humiliation, and mental anguish, and is reasonably certain to experience ongoing pain and suffering in this manner.

## B. EXCESSIVE FORCE WAS USED IN VIOLATION OF MR. HINKLE'S RIGHTS UNDER THE UNITED STATES CONSTITUTION

69. Plaintiff, Mr. Hinkle, hereby incorporates, in its entirety, each and every paragraph of this Complaint by reference as if fully set forth herein.

70. The Fourth Amendment to the United States Constitution protects people from being subjected to excessive force while being arrested or detained by the police.

71. The amount of force Deputy Lane and Officer Mills used during the arrest of Mr. Hinkle far exceeded the amount of force a reasonable officer would have used under similar circumstances.

72. There was no indication that Mr. Hinkle was armed or posed a threat to officer or public safety in any way.

73. The physical force applied by Deputy Lane and Officer Mills resulted in unnecessary injuries to Mr. Hinkle.

74. Deputy Lane and Officer Mills applied physical force to Mr. Hinkle recklessly and/or intentionally.

75. The physical force used against Mr. Hinkle exceeded the force justified under any continuous use of force policy.

76. The actions of Deputy Lane and Officer Mills in arresting Mr. Hinkle were objectively unreasonable in that excessive force was applied, given the totality of the circumstances.

77. As a result of the excessive force applied by Deputy Lane and Officer Mills, Mr. Hinkle suffered a violation of his clearly established rights under the Fourth Amendment to the United States Constitution.

10

78.     As a result of the excessive force applied by Deputy Lane and Officer Mills, Mr. Hinkle suffered and continues to suffer from pain and mental injuries.

79.     As a result of the excessive force applied by Deputy Lane and Officer Mills, Mr. Hinkle incurred the cost of medical care and continues to require medical care.

80.     As a result of the excessive force applied by Deputy Lane and Officer Mills, Mr. Hinkle suffered and continues to suffer from emotional and mental harm incurred during and after his unlawful seizure, including fear, humiliation, and mental anguish, and is reasonably certain to experience ongoing pain and suffering in this manner.

**C.      THE POLICIES OF THE CITY OF KINGSPORT AND SULLIVAN COUNTY PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION OF POLICE OFFICERS RESULTING IN MR. HINKLE'S UNLAWFUL SEIZURE**

81.     Plaintiff, Mr. Hinkle, hereby incorporates, in its entirety, each and every paragraph of this Complaint as if fully set forth herein.

82.     The City of Kingsport and Sullivan County have a duty to adequately train and supervise its police officers to protect the rights of those who interact with them.

83.     The City of Kingsport and Sullivan County have a duty to adequately train and supervise police officers so that they do not unlawfully seize or use excessive force on the persons with whom they interact.

84.     The City of Kingsport and Sullivan County have, or had at the time Mr. Hinkle's Fourth Amendment rights were violated, policies that failed to adequately protect him from an unlawful seizure or arrest.

85.     The City of Kingsport and Sullivan County have failed to adequately train and supervise officers regarding unlawful seizure and the use of excessive force.

11

86. The City of Kingsport and Sullivan County have, or had at the time Mr. Hinkle's Fourth Amendment rights were violated, policies that failed to adequately train and supervise officers regarding proper investigation and identification of suspects in a crime.

87. The City of Kingsport and Sullivan County failed to adequately train and supervise police officers in conducting research on a suspect's appearance, possible location, background information, including employment, or other identifying information to initiate a seizure or arrest on the correct suspect.

88. The failure of the City of Kingsport and Sullivan County to adequately train and supervise police officers proximately caused the violation of Mr. Hinkle's well-established right to freedom from unlawful seizure and the use of excessive force under the Fourth Amendment.

89. It was foreseeable that the failure to train and supervise police officers would result in the misidentification of a suspect.

90. It was foreseeable that the failure to train and supervise police officers would result in a false arrest.

91. It was foreseeable that the failure to train and supervise police officers would result in excessive force to conduct an arrest.

92. It was foreseeable that an unprovoked arrest of an innocent civilian would likely cause physical and mental harm to the innocent civilian.

93. Policymakers for the City of Kingsport and Sullivan County have that police officers would encounter situations where they must decide whether to seize a person and the level of force that is appropriate while making seizures of persons.

94. The inability of officers to make appropriate decisions about whether to seize a person and the proper level of force to use when making such a seizure will certainly lead to the violation of rights under the Fourth Amendment.

95. As a result of the City of Kingsport's and Sullivan County's deliberate indifference, Mr. Hinkle's Fourth Amendment right to freedom from unlawful seizure and the use of excessive force was violated.

96. As a result of the City of Kingsport's deliberate indifference, Mr. Hinkle suffered damages, including emotional and mental harm incurred during and after his unlawful seizure, including fear, humiliation, and mental anguish, and is reasonably certain to experience ongoing pain and suffering in this manner.

**D. THE CITY OF KINGSPORT AND SULLIVAN COUNTY'S POLICY AND CUSTOM OF USING EXCESSIVE FORCE WAS THE CAUSE OF AND THE MOVING FORCE BEHIND THE VIOLATION OF MR. HINKLE'S CONSTITUTIONAL RIGHTS**

106. Plaintiff, Mr. Hinkle, hereby incorporates, in its entirety, each and every paragraph of this Complaint as if fully set forth herein.

107. The City of Kingsport and Sullivan County have adopted an official policy of using excessive force to make seizures or arrests.

108. If not an official policy of the City of Kingsport or Sullivan County, the custom of using excessive force to make seizures or arrests became so well-settled and permanent as to have the force of law.

109. If it is not an official policy of the City of Kingsport or Sullivan County to encourage these aggressive police encounters, the City of Kingsport and Sullivan County

allowed this pattern of aggressive police encounters to continue and demonstrated municipal acquiescence to the custom.

110. It was reasonably foreseeable that the policy or custom of the City of Kingsport and Sullivan County to use excessive force to make a seizure or arrest would lead to the violation of someone's constitutional rights, or in other words, the City of Kingsport and Sullivan County's policy or custom was the proximate cause of the violation of Mr. Hinkle's Fourth Amendment rights to freedom from unlawful seizure and freedom from the use of excessive force during his arrest.

111. It was foreseeable that failing to terminate the pursuit in this case would result in physical and mental harm to Mr. Hinkle.

112. It was foreseeable that intentionally driving a large S.U.V. onto a sidewalk in the path of a moving bicycle would result in physical harm to Mr. Hinkle.

113. As a result of the City of Kingsport and Sullivan County's policy or custom of using excessive force to make an arrest, Mr. Hinkle suffered damages, including the violation of his constitutional rights, freedom from unlawful seizure, and freedom from the use of excessive force during his arrest.

114. As a result of the City of Kingsport and Sullivan County's policy or custom, Mr. Hinkle suffered a violation of his clearly established rights under the Fourth Amendment to the United States Constitution.

115. As a result of the City of Kingsport and Sullivan County's policy or custom, Mr. Hinkle suffered and continues to suffer from pain and mental injuries.

116. As a result of the City of Kingsport and Sullivan County's policy or custom, Mr. Hinkle suffered and continues to suffer from emotional and mental harm incurred

during and after his unlawful seizure, including fear, humiliation, mental anguish, and is reasonably certain to experience ongoing pain and suffering in this manner.

## V. STATE LAW CLAIMS

Tennessee's Government Tort Liability Act removes the City of Kingsport and Sullivan County's immunity from suit.

### A. NEGLIGENCE

106. Plaintiff, Mr. Hinkle, hereby incorporates, in its entirety, each and every paragraph of this Complaint as if fully set forth herein.

107. Based on the negligent acts of the City of Kingsport, Sullivan County, and their agents and employees, and pursuant to Tennessee Code Annotated § 29-20-205, immunity is removed from Defendants.

108. The City of Kingsport and Sullivan County owed a duty to operate their policing activities in a lawful manner so as to preserve the peace of the City of Kingsport and Sullivan County and to preserve to its citizens the rights, privileges, and immunities guaranteed and secured to them by the Tennessee Constitution and the laws of the State of Tennessee.

109. K.P.D. Officer Mills owed a duty to carry out policework in a lawful manner so as to preserve the peace of the City of Kingsport and to preserve to its citizens the rights, privileges, and immunities guaranteed and secured to them by the Tennessee Constitution and the laws of the State of Tennessee.

110. S.C.S.O. Deputy Nathan Lane owed a duty to carry out policework in a lawful manner so as to preserve the peace of the City of Kingsport and Sullivan County

15

and to preserve to its citizens the rights, privileges, and immunities guaranteed and secured to them by the Tennessee Constitution and the laws of the State of Tennessee.

111. The City of Kingsport and Sullivan County breached their duty when the City of Kingsport and Sullivan County employees used excessive force to carry out the unnecessary pursuit of Mr. Hinkle.

112. The use of excessive force by Deputy Lane and Officer Mills was a substantial factor in and foreseeable cause of the injuries Mr. Hinkle suffered.

113. It was foreseeable that the failure to train and supervise police officers would result in the misidentification of a suspect.

114. It was foreseeable that the failure to train and supervise police officers would result in an unlawful seizure or false arrest.

115. It was foreseeable that the failure to train and supervise police officers would result in excessive force to conduct a seizure or arrest.

116. It was foreseeable that an unprovoked seizure or arrest of an innocent civilian would likely cause mental harm to the innocent civilian.

117. It was foreseeable that intentionally driving a large S.U.V. onto a sidewalk in the path of a moving bicycle would result in physical harm to Mr. Hinkle.

118. In the alternative, Mr. Hinkle would not have been injured absent the City of Kingsport and Sullivan County's negligence.

119. As a result, Mr. Hinkle suffered and continues to suffer from emotional and mental harm incurred during and after his unlawful seizure, including fear, humiliation, and mental anguish, and is reasonably certain to experience ongoing pain and suffering in this manner.

## V. DAMAGES

As a result of the aforementioned acts and omissions in violation of Mr. Hinkle's well-established rights under the Fourth Amendment to the United States Constitution and the Tennessee Constitution, the same being a direct and proximate cause of Mr. Hinkle's injuries and damages, Mr. Hinkle seeks recovery from the Defendants in the amount of not less than Seven Hundred Fifty Thousand Dollars ($750,000.00) for damages, including, but not limited to, the following:

a. Physical pain and suffering;

b. Emotional pain and suffering;

c. Actual and future medical expenses;

d. Loss of enjoyment of life;

e. Loss of wages and earning capacity;

f. Attorney fees;

g. Punitive damages;

h. All such further relief, general and specific, to which Mr. Hinkle may be entitled under the facts and circumstances herein.

## VI. PRAYERS FOR RELIEF

WHEREFORE, PREMISES CONSIDERED:

Mr. Hinkle sues Defendants, jointly and severally, individually and in their official capacity, and prays for a judgment against the Defendants for nominal, compensatory, and punitive damages in the maximum amount allowed by law and for such further general and specific damages, statutory and discretionary costs, post-judgment interest, and such further relief as the Court may find Mr. Hinkle to be entitled.

Respectfully submitted this 5th day of June 2024.

/s/ Nathaniel H. Evans
NATHANIEL H. EVANS (BPR # 026292)
THE EVANS LAW FIRM
625 Market Street, Suite 404
Knoxville, Tennessee 37902
(865) 523-2755
nate@evanslawfirm.law

18